Good morning, Your Honors. May it please the court. If anyone has trouble hearing me, please just let me know. My name is Daniel Kaplan, and I'm representing the appellant, Craig Stephens. I'm going to watch the clock and attempt to save about two minutes for a rebuttal. In this appeal, we are challenging two conditions of Mr. Stephens' supervised release. The first of those conditions reads as follows. You must participate in a mental health assessment and participate in mental health treatment as determined to be necessary by a medical or mental health professional and follow any treatment directions by the treatment provider. Our objection to that condition is in reference to the way it's structured. The judge is directly requiring an assessment, but delegating to a medical or mental health professional after the assessment the determination of whether Mr. Stephens will actually be required to participate in treatment. And because sentencing every... Daniel Kaplan Counsel, isn't that language actually ambiguous on that question? I see what you're saying, that there's one way you can read it, that it is delegation of it. But in another way you read it is that the mental health professionals can only dictate the frequency and type of mental health treatment, which is squarely allowed under our precedent. Your Honor, I take your point. In the course of mooting this case, one of my colleagues made that suggestion. And after having considered that, I could say that there is an ambiguity there. It could be read that way. There are two cases cited in the briefs that deal with exactly that situation, where you can simply read it either of two ways, one of which is an improper delegation and another which is not. In both of those cases, the courts decided it was necessary to remand. One of them is U.S. v. Franklin, 838 F3rd 564, that's a Fifth Circuit case. The other one is U.S. v. Peterson, 248 F3rd 79, that's a Second Circuit case. And again, they're both in the briefs. Counsel, were those cases on plain error, though? I don't think those two cases were on plain error. I'm not certain, but I don't think that they were. But I will just tell you their rationale was that they needed to send it back and ask the district court what the district court's intention was. If the district court's intent really was to delegate, then the court would have to be directed that it couldn't do that and it either had the choice of just requiring it or dropping that condition altogether. If the district court's intention was not to delegate but to do what Your Honor had suggested, then the court could simply clarify the language and make that claim. Assuming you're right that this is an unlawful delegation of power, would we then have the discretion to construe that condition in a way that is constitutional, that is, it gives only the mental health professional the power to fill in the details? Your Honor, there are some cases in which this court has taken that approach, essentially put a sort of a saving gloss onto an unlawful condition or a condition that could be construed in an unlawful way, and you might say save the district court the trouble. So I can't say it's something the court can't do. In Wolfchild, which is discussed in the brief, there's a footnote saying that in some situations the court can use that saving gloss approach. So you could do that. I'm not eager to recommend that because I think as a practical matter it's problematic because the probation officer may not be clearly informed about what this court has said the condition means. Without counsel at a later stage may not understand what it really means. In my view, it's much better to have it be clearly stated and remove the ambiguity and not have the ambiguity only be resolved in a Ninth Circuit opinion. There's also, of course, the question of wanting to make sure we know what the district court really intended. So a review would be necessary to have the district court resolve what it really intended. I have a question. Yes. Question. What part of this condition do you think is not correct? The part that a mental health assessment is going to be done or what he has to do? Subsequent to that. It's the subsequent to that part. That's the part we object to. So you would accept the assessment, but you think it should be brought back to the attention of the district court and then put these conditions on the sentence? Or how would you do it? Well, Your Honor, the assessment is fine in terms of delegation because the court directly does that itself. It's not delegating the assessment. If the court wants to make its own determination after the assessment as to whether treatment will be required, what it might do is to require the assessment and direct the probation officer, following the assessment, to, if appropriate, make a motion to modify the condition. And then the court could, on that motion to modify, the court could add a requirement of treatment. So that would be a way the court itself could make that determination. Counselor, in this case, was there any mental health treatment ordered? I actually don't know the answer to that, Your Honor. I would have to follow up to know that. Unless there are other questions right now about the first condition, I want to briefly touch on the second condition. That one is one of the standard conditions in the district court's general order. It's incorporated by a reference, and it bars any contact with felons. The problem with that one is that Mr. Stevens has a significant other. There's a little bit of ambiguity whether they're actually married now, whether they're engaged right now, et cetera. But there's a lot of references to the relationship in the record with the woman who was a convicted felon and someone who had her own substance abuse history and issues. And this court has said when a condition infringes upon someone's intimate relationships of that nature, including just a significant other, including a serious dating relationship, that it has to make special findings on the record that it's necessary for the purposes of supervised release and it deprives no more liberty than reasonably necessary. And there were no findings of that nature done here. Again, this also was plain error. It was not pointed out. It's certainly not something where you can criticize the judge for not making those findings, but it still is a matter of plain error that we feel needs to be— I have a question. Yes. Can councils ask for a modification of that requirement if the council felt that the court was wrong because it didn't consider this significant other? Well, unfortunately, I think the answer to that is no, because this court held in a case called United States v. Gross that unlawfulness is not a legitimate or permissible ground for moving to modify a condition in a supervised release. And I think I can get you the citation for that. It's 307F1043, United States v. Gross. So I think that would be an issue in terms of moving to modify, because that would be a ground of unlawfulness. Did anybody bring to the attention of the court about this significant other at the time of the last hearing? There doesn't seem to be anything in the record indicating that. At the last disposition hearing, it was not mentioned. However, it was discussed twice at the previous disposition hearing. It's mentioned in several disposition reports. It's mentioned in filings by the defendant. And it's mentioned in other places in the record. I would like to try to state the balance. Wasn't that several months before? Yes. Wasn't it nine months or something like that? I beg your pardon? Wasn't it nine months or seven months before when that was mentioned and nobody said a thing about it at the time that the court instituted this requirement? It was discussed at the previous time the court instituted it. It was mentioned, I think, last in the disposition report, July 23 of 2019. And I'm not sure offhand how much later the final disposition hearing was. The final disposition hearing was August of 2019. So that was actually only one month between the final disposition report and the final disposition hearing, if I'm reading this correctly. There was a reference to the girlfriend in the July 2019 disposition report. And then the condition was reimposed the following month. So I would like to try to save my 46 seconds for rebuttal. Thank you, Your Honors. Good morning, Your Honor. May it please the Court. My name is Jacqueline Chesnall. I'm an assistant United States attorney in Phoenix, Arizona, and I'm representing the United States. The government is asking the Court to affirm both special condition number four and standard condition number eight that the district court imposed in this case. As this Court knows, the district court has broad discretion in imposing conditions of supervised release. And the standard of review here on both conditions is plain error. The reason for that is because the defendant did not raise objections below. And I want to be very specific about how many opportunities the defendant had to raise objections when he didn't. When the defendant's supervised release was first being revoked in January of 2019, a written disposition report was provided that had these conditions. The defendant did not object to that written report, nor did he object to these conditions in January of 2019. Fast forward to the second supervised release violation, and the disposition report was written in July of 2019, and the hearing was held in August of 2019. Again, the defendant did not object to either the written report or at the disposition hearing. So getting specifically to special condition number four, the mental health assessment, Judge Bumate, you asked if the language was ambiguous. And the government argues, based on the facts that are in the record, there is no ambiguity in this instance. There could be if the facts were different or facts didn't support this condition. But here we do have facts that support the condition. And I want to focus on a few words that might seem small, but actually really direct us here. One is the word must. The judge used the word must both orally at the disposition hearing in August 2019, as well as in her written order. Must means it's mandatory. The district court did not delegate its authority at all. And the must applies to both the assessment as well as the treatment. How do we know that? How do we know it's not ambiguous? It's not ambiguous on the facts in this case because of the discussion on the record. If the court looks to excerpts of record 90 through 91, as well as 93, the judge talks about the mental health treatment before she pronounces the condition. And even more importantly, the defendant himself essentially requests mental health treatment. There's discussion on pages 90 to 91 where the defendant specifically says that he has had underlying mental health issues. And when he is given the resources to help those issues, he's had improvement. And then when the condition was imposed, there was no objection. The other very key word here that might seem small, but I think distinguishes this case from both Franklin, which my esteemed colleague mentioned, as well as the Tooley case that was brought up in the 28J letter, is the difference between as necessary versus if necessary. As versus if. The as necessary shows that this is a mandatory condition. It's not whether or not the defendant should get treatment. He must get treatment. In the Franklin case, the court used the word... The problem was they said if needed, and in Tooley they said if necessary. Here, there's no if. It is as necessary. Additionally, as mentioned, both Peterson and Franklin, which came up earlier, those were both abusive discretion cases. And I would also point out in the Peterson case, while the word if wasn't used, the facts did not support the special condition there. In the Peterson case, the special condition had to do with sex offender treatment, and the underlying crime had to do with bank larceny. So there was no tie-in to that. Is there a difference here because the discretion here is given to mental health professional instead of the probation department? Well, thank you, Judge. That's precisely where I was going, Judge Lee. The third key language here that is different, even though a probation officer can decide the manner and extent of treatment, even better is if a medical provider makes that decision. And in this case, that's what we have. The order is that a medical provider will make that decision. And this court in the Stevens case, no relation, a different Stevens... Oh, I'm sorry, in the Blatchford case, this court in the Blatchford case said that a medical provider is best equipped to make that determination. And several cases out of this circuit, both Stevens, no relations, Blatchford, which I just mentioned, Arcerio and Reardon, which are all in the briefs, support the fact that a medical provider or a probation officer can determine the extent and manner of treatment. And so that goes to the as necessary, not if necessary. Counsel, are you familiar with the Nash case out of the 11th circuit? I think that was under plain error. And they said that the words as deemed necessary was an awful delegation. I'm sorry, Your Honor, I'm not familiar with the Nash case. I don't think it was cited in the briefs. It's hard to know without reading the precise language and without knowing the precise underlying facts. Because again, equating it to Peterson, in Peterson they didn't say if necessary, they said as necessary, but the record didn't support it. Whereas here, as I have pointed out, the record does support that mental health treatment is not only necessary, but the defendant himself essentially asked for it. He said that he does better when he has those resources. Turning to standard condition number eight... One last question before we move on, Counsel. Do you know if any mental health treatment has been ordered for this defendant? I do not know that, Your Honor. I'm sorry. I'd also like, turning to standard condition number eight, this is really, really a factual question in this instance. And I'm so glad that Mr. Kaplan filed his most recent 28-J just a day or two ago, asking the court to look at the record. Here's what we have in a factual timeline, which leads us to the defendant essentially asking the district court judge to be clairvoyant. The timeline is, at the first revocation proceeding, there was, again, a written disposition report that referred to a fiancé. And then at the hearing, there was discussion. I don't think the word fiancé was used in that discussion, but there was discussion about a relationship. Someone that the defendant was in a romantic relationship with, and that basically that person had their issues as well. So that came up then. Then we fast, and some of the documents that Mr. Kaplan asked you to look at date back to November of 2018. So late fall November 2018 into very early in the year, January 2019, there's reference to a fiancé. Then we fast forward to the second revocation hearing. And here in the disposition report only, in writing, there's reference to a girlfriend. The record doesn't support whether or not the girlfriend in July of 2019 is even the same individual as the fiancé in January of 2019, a full six months earlier. We have no way of knowing. And that's in the written report. So then we're at the disposition hearing in August of 2019, and there is no mention of a fiancé, a girlfriend, nothing. But what we do have is mention of other important people in the defendant's life. Both his mother and his daughter, reference to both of them, came up, and that's at ER 90. So again, the defendant didn't object to the disposition report and didn't object at the oral disposition hearing. And Judge Seiler, you asked this question, did it come up? The answer is no. So we are basically asking the district court judge to be clairvoyant that a girlfriend mentioned in a written report is the same person as a fiancé from six months earlier, and that they're even still together in August. And my last point is, Judge Seiler, you asked if that could be modified. Well, it could have been modified if the defendant brought it up at that hearing saying, my girlfriend, my fiancé, is a felon, and I still want to be in a relationship with her. So for those reasons, I see my time is up. The government is asking the court to affirm both of these conditions that were imposed. Thank you very much. Thank you. Just briefly, Your Honors, the word must is mandatory, but what you must do is what's determined to be necessary by a nonjudicial officer. That's the problem. As far as the word as being significant in terms of a mandate, in the Esparza case, which is cited in the briefs, which is a public decision of this court, the language may include inpatient treatment as approved and directed by the probation officer. That was held to be an improper, unlawful delegation. So this court, in a published opinion, has held it as does not have the meaning the government is suggesting it should have here. As far as the idea that, well, the record supports a mental health condition, the client said he wanted a mental health or the defendant said he wanted it. None of that's relevant to the question of whether it can be delegated to a nonjudicial officer. And, in fact, in the last disposition, the defendant asked for a terminal disposition and no supervisory release and no conditions. As far as the clairvoyance and the significant other, the reference to the fiance, the final disposition hearing happened and January 23. And it was the next day, January 24, when Mr. Stevens allegedly or apparently was told that the person referenced as his girlfriend cheated on him. And it was so traumatizing. He relapsed into alcohol use. It's pretty obvious on that record that it's the same person they were talking about. It would be pretty fanciful to say he would be that upset by somebody he'd been dating less than 24 hours. So if there are no further questions. Your Honor. Thank you. Case has been submitted.
judges: Siler, Lee, Bumatay